**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

RAMIRO SANCHEZ-RAMIREZ,

    Petitioner,

        v.                                  **CIVIL NO. 12-1651 (SEC)**

NELSON MERCADO-FIGUEROA, ET
AL.,

    Respondents.

RAMIRO SANCHEZ-RAMIREZ,

    Petitioner,

        v.                                  **CIVIL NO. 12-1758 (SEC)**

NELSON MERCADO-FIGUEROA, ET

AL.,

    Respondents.

**OPINION AND ORDER**

Before the Court is the respondents' unopposed motion to dismiss the petitioner's 28 U.S.C. § 2254 motion. Docket # 23. After reviewing the filings and the applicable law, the respondents' motion is **GRANTED**, and the petition for writ of habeas corpus is **DENIED**

**Factual and Procedural Background**

In 2006, a Puerto Rico jury convicted Ramiro Sánchez-Ramírez of, <u>inter alia</u>, first degree murder, for which he was sentenced to 148 years of imprisonment. <u>See</u> Docket # 23-1, p. 2. His sentence was subsequently affirmed in a thorough, well-reasoned decision by the Puerto Rico Court of Appeals, <u>see</u> <u>Pueblo v. Sánchez Ramírez</u>, KLAN20060368, 2008 WL 3200193 (P.R. Cir. June 30, 2008) (certified English translation provided by the respondents at Docket #26-1), and the Puerto Rico Supreme Court denied certiorari. Docket # 23-1, p. 3.

Sánchez-Ramírez then filed a motion under Puerto Rico Criminal Procedure Rule 192.1, P.R. Laws Ann. tit. 34, App. II, R. 192.1, collaterally attacking his conviction.[1] He alleged that "he had a sworn statement by Guillermina Roque, which exonerated him from the crimes for which he was serving a sentence." Docket # 23-1, p. 3. Specifically, he argued that "this witness testified against him under the influence of drugs and that she was coerced into lying by the police officers." Id., p. 3.

The state court then held an evidentiary hearing, where it "observed, listened and pondered Guillermina Roque's testimony, among other evidence." Id. Unpersuaded by the petitioner's contention, the court "decided that the evidence presented by the petitioner did not lessen the probative value of the evidence presented by the Prosecution during trial." Id. So in February 2010, the court denied the petitioner's Rule 192.1 motion, concluding "that there was no evidence that proved a violation of constitutional rights, federal or state . . . ." Id. The petitioner neither appealed nor filed a writ of certiori before the Puerto Rico Court of Appeals.

Instead, in June 2011, Sánchez-Ramírez filed a second Rule 192.1 motion, whose "pleadings were the same as in the first motion." Pueblo v. Sánchez Ramírez, KLAN201101187, 2012 WL 1835258 (P.R. Cir. Apr. 24, 2012) (certified English translation provided by the respondents at Docket # 23-1, p. 5). In his second motion, notably, Sánchez-Ramírez "argued that he did not have adequate legal representation." Id. This time, the trial court summarily denied his Rule 192.1 motion, see Docket # 23-2, and the Puerto Rico Court of Appeals denied certiorari. Docket # 23-1. As relevant here, the appellate court jettisoned Sánchez-Ramírez's ineffective-assistance-of-counsel claims, dismissing them as "frivolous." Id., p. 10. Ultimately, the court concluded, "the sentences were imposed in compliance with the

---

[1] In Puerto Rico, "a petitioner seeking relief under 2254 must complete at least one full round of post-conviction relief by pursuing the remedy provided by Rule 192.1 all the way to the Puerto Rico Supreme Court." Martínez-González v. Rodríguez-Madera, 13-1005, 2013 WL 625312, at * 2 (D.P.R. Feb. 20, 2013) (citation omitted).

laws and constitutional principles of . . . Puerto Rico and United States . . . ." Id. On June 15, 2012, the Puerto Rico Supreme Court denied certiorari. Docket # 23-3.

This habeas petition ensued on August 9, 2012. Docket # 1. After several procedural nuances, including a consolidation under Fed. R. Civ. P. 42(a), Sánchez-Ramírez filed an amended English translation of his § 2254 motion. Docket # 13. His claims, which are otherwise scumbled, can be summed up in three arguments. His first claim is ineffective assistance of counsel "during the trial stages" and "on a[ ] first appeal proceeding." Docket # 13, pp. 11-12. Sánchez-Ramírez then claims that his rights under the Due Process and Equal Protections Clauses of the U.S. Constitution were violated when he "was convicted by the lies of two witnesses . . . ." Id., p. 13. And his third claim: Due process violations "during [the] preliminary hearing," and when the police violated his Miranda rights. Id.

The respondents move to dismiss the petition, arguing, essentially, that Sánchez-Ramírez failed to (1) exhaust state administrative remedies as to his third claim, Docket # 23, p. 7; (2) establish that he received ineffective assistance of counsel during the trial and appeal proceedings, id., p. 11; and (3) establish any other federal constitutional violation. As of today, the respondents' motion stands unopposed. See D.P.R. Civ. R. 7(b).[2]

**Standard of Review**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) authorizes federal courts to grant relief to a prisoner whose state court conviction "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); García v. Murphy, 229 F.3d 1133 (1st Cir. 2000) (per curiam). To obtain a writ of habeas corpus from a federal court, a state prisoner "must show that

---

[2]Local Rule 7(b) provides in pertinent part as follows: "Unless within fourteen (14) days after the service of a motion the opposing party files a written objection to the motion, incorporating a memorandum of law, the opposing party shall be deemed to have waived objection."

the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington v. Richter, 131 S.Ct. 770, 786-87 (2011).

This is a "difficult to meet . . . and highly deferential standard," Cullen v. Pinholster, 131 S.Ct. 1388, 1398 (2011) (internal quotation marks omitted), as "a state court's factual findings are presumed to be correct unless the petitioner rebuts the presumption with clear and convincing evidence." Companonio v. O'Brien, 672 F.3d 101, 109 (1st Cir. 2012), cert. denied, 133 S. Ct. 197 (2012) (citing 28 U.S.C. § 2254(e)(1); Torres v. Dennehy, 615 F.3d 1, 5 (1st Cir.2010), cert. denied, 131 S.Ct. 1038 (2011)). The AEDPA proscribes "using federal habeas corpus review as a vehicle to second-guess the reasonable decisions of state courts." Renico v. Lett, 130 S.Ct. 1855, 1866 (2010).

**Applicable Law and Analysis**

I.  *Mixed Petition*

On June 10, 2013, the Court entered the following order: "As the respondents properly point out, the petitioner's § 2254 motion contains both exhausted and unexhausted claims. Because the petitioner exhausted his ineffective-assistance-of-counsel claims, however, the Court is faced with a so-called 'mixed petition' — habeas petitions containing both exhausted and unexhausted claims." Docket # 28, p. 1. And, following the First Circuit's recent reminder that, when faced with a mixed petition, "the best practice is for the district court to give the petitioner an opportunity to dismiss the unexhausted claims," DeLong v. Dickhaut, 715 F.3d 382, 387 (1st Cir. 2013); see also Rhines v. Weber, 544 U.S. 269 (2005), the Court gave the petitioner until June 28 to voluntarily dismiss the unexhausted claims. Docket # 28, p. 2.

Sánchez-Ramírez timely complied: He "will abandon any unexhausted claims made by petitioner and not presented or raise[d] before the state courts." Docket # 30, p. 1. Specifically,

the petitioner reiterates, "[t]he claims to be abandon[ed] are the violation of due process of law at preliminary hearing and the [M]iranda rights because such claims were not presented before state courts," id., p. 1, — i.e., the third claim. This claim is thus **DISMISSED without prejudice** for lack of exhaustion. See DeLong, 715 F.3d at 387; Rhines, 544 U.S. at 278.

This does not end this aspect of the matter, however. According to Sánchez-Ramírez, he "will go forward with his . . . claims of ineffective assistance of counsel and with the rest of the claims exhausted before the state courts." Docket # 30, p. 1 (emphasis added). The truth of the matter is that the "rest" of the (unspecified) "exhausted" claims boil down to Sánchez-Ramírez's second claim: The alleged violations under the Due Process and Equal Protections Clauses as a result of being convicted "by the lies of two witnesses of [the] prosecutor." Docket # 13, p. 13. It is unclear from the record whether (1) the petitioner properly exhausted this claim; (2) he procedurally defaulted on it; and (3) this claim is time barred.[3] To further complicate matters, the respondents have ignored — but have not expressly waived, see 28 U.S.C. § 2254(b)(3) — these threshold issues.  And although courts may sometimes consider these procedural matters sua sponte, see, e.g., Wood v. Milyard, 132 S. Ct. 1826, 1834 (2012), they not are not obliged to do so.

But the Court need not tarry long here. Procedural-bar issues need not be resolved first in a habeas case when, as here, '[j]udicial economy might counsel' "going directly to the merits if the merits were easily resolvable against the petitioner." Ramos-Martínez v. United States,

---

[3]It is unclear, for instance, whether Sánchez-Ramírez's failure to appeal the trial court's denial of his first Rule 192.1 motion means that this claim is procedurally barred in the Commonwealth courts. Cf. Maldonado-Pagan v. Malavé, 145 F. App'x 375, 376 (1st Cir. 2005) (per curiam). On the other hand, if the petitioner failed to litigate this claim all the way to the Supreme Court of Puerto Rico, his claim would not be exhausted, as he would "be obliged to 'pursue one complete round of post-conviction relief under the local habeas statute,' prior to seeking federal relief." Martínez-González v. Rodríguez-Madera, 13-1005, 2013 WL 625312, at * 2 n. 2 (D.P.R. Feb. 20, 2013) (quoting Quiñones López v. Administración de Corrección en Puerto Rico, No. 09-1429, 2009 WL 3199827, at *2 (D.P.R. Sept. 30, 2009).

638 F.3d 315, 324 (1st Cir. 2011) (quoting Lambrix v. Singletary, 520 U.S. 518, 525 (1997); see also Brown v. Ruane, 630 F.3d 62, 66 n. 6 (1st Cir. 2011) (sidestepping exhaustion issue and denying petition on the merits); 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."). The Court follows this principle here.

II.  *The Merits*

*A. Due Process Claim*

As noted above, Sánchez-Ramírez argues that his right to due process was violated when he "was convicted by the lies of two witnesses of the prosecutor . . . ." Docket # 13, p. 13. But the petitioner neglects to even mention the identities of "two witnesses" who allegedly gave perjured testimony.[4] From the record, however, it can be inferred (favorably, to a pro se petitioner like Sánchez-Ramírez) that one of these witnesses is Guillermina Roque, whose testimony Sánchez-Ramírez impugned in the first Rule 192.1 motion. The state courts already rejected this argument, concluding that "the evidence presented by the petitioner did not lessen the probative value of the evidence presented by the Prosecution during trial." Docket # 23-1, p. 4. And Sánchez-Ramírez falls way short of demonstrating that this conclusion was objectively unreasonable.

Although the petitioner does not cite any case law, it appears that the "clearly established Federal law" relevant here is the Supreme Court's decision in United States v. Agurs, 427 U.S. 97 (1976), which explained that a "[a] conviction can be reversed on subornation of perjury grounds only if the petitioner can show: (1) that the prosecution elicited false testimony; (2) that

---

[4]The name of the "second" witness who allegedly gave false testimony, however, does not appear from the record. To the extent that the petitioner fails to identify this other witness, this averment is disregarded.

the prosecution knew or reasonably should have known that the testimony was false; and (3)
that there is a 'reasonable likelihood that the false testimony could have affected the judgment
of the jury.'" Bucci v. United States, 662 F.3d 18, 39-40 (1st Cir. 2011), cert. denied, 133 S. Ct.
277 (2012) (quoting Perkins v. Russo, 586 F.3d 115, 119 (1st Cir.2009) (quoting in turn Agurs,
427 U.S. 97, 103). But even assuming that the government elicited false testimony from Roque,
Sánchez-Ramírez cannot meet the remaining prongs.[5]

In his petition, Sánchez-Ramírez argues only that the "prosecutor kn[ew] that the
Petitioner was innocent because of the testimony of the witness who was lying all the time in
the trial . . . ." Docket # 13, p. 13. But such an offering is patently insufficient to obtain habeas
relief. At the outset, by providing neither a single legal authority nor a record citation in support
of his perfunctory and undeveloped argument, Sánchez-Ramírez has waived this claim. See
Silverstrand Investments v. AMAG Pharmaceuticals, Inc., 707 F.3d 95, 107 (1st Cir.2013);
Machado v. Shinseki, 700 F.3d 48, 49 (1st Cir.2012) (per curiam); United States v. Zannino,
895 F.2d 1, 17 (1st Cir.1990).[6]

Even putting that flaw aside, the same conclusion would follow. First and foremost,
Sánchez-Ramírez "offers no evidence that would lead to the conclusion that the government
knew that the testimony was allegedly false." Abrante v. St. Amand, 595 F.3d 11, 18 (1st Cir.
2010). Even assuming the government knew — and thus improperly failed to disclose — that
Roque perjured herself, Sánchez-Ramírez would still need to meet the last prong. He does not.

---

[5]To be sure, "the fact that a witness contradicts herself or changes her story does not establish
perjury" and "do[es] not create an inference, let alone prove, that the prosecutor knowingly presented
perjured testimony." United States v. Lebon, 4 F.3d 1, 1 (1st Cir.1993) (quoting Tapia v. Tansy, 926
F.2d 1554, 1563 (10th Cir.1991)) (internal quotation mark omitted).

[6]Sánchez-Ramírez pro se status does not insulate him from complying "with procedural and
substantive law." Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir.1997). "[W]hile pro se litigants are
held to a less stringent standard ... they are not immune" from waiver resulting from undeveloped
arguments. Watson v. Trans Union LLC, 223 F. App'x 5, 6 (1st Cir.2007) (per curiam).

Indeed, the petitioner simply neglects his burden of showing how this allegedly false testimony had "any reasonable likelihood . . . [of] affect[ing] the judgment of the jury," Agurs, 427 U.S. at 103. In other words, he fails to even explain the effect (if any) of Roque's testimony on his conviction, as required by the governing law. See, e.g., Bucci, 662 F.3d at 39-40. No wonder why the state court held, at the evidentiary hearing, that "the evidence presented by the petitioner did not lessen the probative value of the evidence presented by the Prosecution during trial." Docket # 23-1, p. 4.  In sum, the petitioner has presented nothing to rebut the presumption of correctness to which these state-court, factual determinations are entitled under the AEDPA. See 28 U.S.C. § 2254(e)(1); Torres v. Dennehy, 615 F.3d 1, 5 (1st Cir. 2010), cert. denied, 131 S.Ct. 1038 (2011); see also DiBenedetto v. Hall, 272 F.3d 1, 7 n. 1 (1st Cir. 2001) ("In some cases, the outcome of the federal claim may be determined by the[ ] factual conclusions drawn by the state court.").

If more were needed, the record shows that, barring Roque's testimony, the government called ten other witnesses to testify against the petitioner. See Docket # 26-1, pp. 2-10. As the Puerto Rico Court of Appeals thoughtfully observed, Charles Hans, another witness for the government, corroborated Roque's testimony. See id. at 16. And Hans's testimony was in turn confirmed by yet another witness, Teresa Feneque. See id.

To obtain federal habeas relief, Sánchez-Ramírez's faces a double burden of proof: Showing both that there is a reasonable probability that the jury would have reached a different conclusion had Roque's testimony been excluded, and that the state court determination on this point was unreasonable. And on this scumbled record, he overcomes neither burden. No more is needed to conclude that the state court's denial of this claim was not "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington, 131 S.Ct. at 786-87. This claim is **DISMISSED with prejudice**.

### B. Ineffective Assistance of Counsel

The petitioner next alleges that his trial and appellate counsel rendered ineffective assistance. As said, the Puerto Rico Court of Appeals discarded Sánchez-Ramírez's ineffective-assistance-of-counsel claims as "frivolous." Docket # 23-1, p. 10. When, as here, "a state court issues an order that summarily rejects without discussion all the claims raised by a defendant, including a federal claim that the defendant subsequently presses in a federal habeas proceeding, the federal habeas court must presume . . . that the federal claim was adjudicated on the merits." Johnson v. Williams, 133 S. Ct. 1088, 1091 (2013), reh'g denied, 133 S. Ct. 1858 (2013). So "[t]he restrictive standard of review set out in § 2254(d)(2) . . . applies . . . ." Id.

For its part, "[t]he Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel." Scarpa v. Dubois, 38 F.3d 1, 8 (1st Cir. 1994). The legal assistance envisioned by the Sixth Amendment is not satisfied by merely having a lawyer present alongside the defendant during trial; in order to comply with the Sixth Amendment guarantee, counsel must provide "effective assistance." Strickland v. Washington, 466 U.S. 668, 685-86 (1984). To succeed on a Strickland claim, a petitioner "must establish both that counsel's representation fell below an objective standard of reasonableness and that there exists a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Turner v. United States, 699 F.3d 578, 584 (1st Cir. 2012) (quoting United States v. De La Cruz, 514 F.3d 121, 140 (1st Cir. 2008)) (citing in turn Strickland, 466 U.S. at 688). Not only does a petitioner "bear[ ] a very heavy burden on an ineffective assistance claim," Lema v. United States, 987 F.2d 48, 51 (1st Cir.1993), but the standard of review for an attorney's performance is a "very forgiving" one. U.S. v. Theodore, 468 F.3d 52, 58 (1st Cir. 2006) (citing Delgado v. Lewis, 223 F.3d 976, 981 (9th Cir.2000)); see also United States v.

Valerio, 676 F.3d 237, 246 (1st Cir. 2012) ("Judicial scrutiny of counsel's performance must be highly deferential." (quoting Strickland, 466 U.S. at 689)).

Here, the petitioner comes nowhere close to meeting such a heavy burden. To begin with, Sánchez-Ramírez's claim of ineffective assistance of both trial and appellate counsel, like his due process claim, is stated in conclusory terms, containing neither facts nor supporting authorities. See generally Docket # 13. The factual averments in support of his claim are that his trial counsel failed to "proof" [sic] Sánchez-Ramírez's "innocence and failed to establish that petitioner had nothing to do with the crimes. [And that] [c]ounsel failed to show reasonable doubt in this case." Id., p.11. He alleges, moreover, that his appellate counsel's "performance on appeal" was "deficient, because it "fell below an objective standard of reasonableness under the circumstance[s]." Id., p. 12.[7] These allegations are patently insufficient to establish entitlement to habeas relief.

As a threshold matter, because the petitioner cites neither the record nor a legal authority in support of his fatally undeveloped allegations, he has waived his ineffective-assistance-of-counsel claim. "Mere assertions of ineffective assistance of counsel are just that—assertions that are not to be entertained by the Court. Ineffective-assistance-of-counsel claims raised in a perfunctory manner . . . are deemed waived." Mangual-García v. United States, 08-2241, 2010 WL 339048, at *9 (D.P.R. Jan. 21, 2010) (citing Cody v. United States, 249 F.3d 47, 53 n. 6 (1st Cir.1997)); cf. Zannino, 895 F.2d at 17. This infirmity is compounded by Sánchez-Ramírez's

_____

[7]In his petition, Sánchez-Ramírez also faults his appellate counsel for an alleged failure to "submit the direct appeal." Docket # 13, p. 12. But this frivolous accusation is flatly contradicted by the record, which shows that his appellate attorney filed a timely appeal, see Pueblo v. Sánchez Ramírez, KLAN20060368, 2008 WL 3200193 (P.R. Cir. June 30, 2008) (certified English translation provided by the respondents at Docket #26-1). Insofar as the petitioner complains of ineffective assistance of counsel during the state collateral proceedings, this argument fares no better, as "there is no right to counsel in state collateral proceedings." Coleman v. Thompson, 501 U.S. 722, 755 (1991) (citing Pennsylvania v. Finley, 481 U.S. 551 (1987)).

failure to even oppose the respondents' motion to dismiss; such an omission "authorizes the presiding district judge to summarily grant the unopposed motion, 'at least when [, as here,] the result does not clearly offend equity.'" Rodríguez-Salgado v. Somoza-Colombani, --- F.Supp.2d ----, No. 11–2159, 2013 WL 1403263, at *3 (D.P.R. Mar. 1, 2013) (quoting NEPSK, Inc. v. Town of Houlton, 283 F.3d 1, 7 (1st Cir. 2002))

        In any event, as the respondents correctly point out, the petitioner has shouldered zero evidence showing that either his trial or appellate counsel's performance fell below an objective standard of reasonableness. See González-Soberal v. United States, 244 F.3d 273, 277 (1st Cir. 2001) (explaining that petitioner pressing ineffective assistance claim is required to establish entitlement to relief by preponderance of the evidence).  And he does not try to  — nor could he — establish prejudice under Strickland. This contention is, as aptly dubbed by the Puerto Rico Court of Appeals, "frivolous." Docket # 23-1, p. 10. Because the petitioner fails to make a preliminary showing that either his trial or appellate counsel performed deficiently, and that such a deficiency caused him prejudice, federal habeas relief is unwarranted. Sánchez-Ramírez's ineffective-assistance-of counsel-claim is therefore **DISMISSED with prejudice**.

        Finally, under the Rules Governing Section 2255 Proceedings, "the district court must issue or deny a certificate of appealability ["COA"] when it enters a final order adverse to the applicant." To make this showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (citation and internal quotation marks omitted). Although Sánchez-Ramírez has not yet requested a COA, no reasonable jurist could find the above assessment of his constitutional claims debatable or wrong. Sánchez-Ramírez may request a COA directly from the First Circuit, under  Rule of Appellate Procedure 22.  The petitioner's COA is thus **DENIED**.

**CIVIL NOS. 12-1651 & 12-1758 (SEC)** **Page 12**

**Conclusion**

For the reasons stated, the respondents' motion is **GRANTED**, and the petition for writ of habeas corpus motion is **DENIED**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 31st day of July, 2013

S/ *Salvador E. Casellas*
SALVADOR E. CASELLAS
U.S. Senior District Judge